UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTOPHER MARTINEZ, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a limited liability company; SECURED FUNDING CORP., a corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | No. 2:24-cv-1387 WBS AC<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Christopher Martinez ("plaintiff") brought this action against Specialized Loan Servicing, LLC ("defendant"), alleging that it wrongfully foreclosed on his residence at 7096 Ludlow Dr., Roseville, CA 95747 ("the property"). (First Am. Compl. ("FAC") (Docket No. 22).) Defendant now moves to dismiss. (Docket No. 27.)

On January 23, 2001, plaintiff and his wife purchased

1

1    the property via grant deed.  (FAC ¶ 15.)  On November 7, 2006,
2    plaintiff used his equity in the property to obtain a home equity
3    line of credit from co-defendant Secured Funding Corporation for
4    $111,800.00.[1]  (Id. ¶ 16.)  Defendant services this loan.  (Id.)
5    On May 6, 2008, plaintiff filed for chapter 7 bankruptcy, which
6    was discharged on August 11, 2008.  (Id. ¶¶ 17-18.)  Plaintiff
7    believed the bankruptcy extinguished his loan obligations to
8    defendants.  (Id. ¶ 18.)  Plaintiff stopped receiving monthly
9    statements on the loan for more than 15 years.  (Id.)

10           On June 22, 2023, a notice of default was recorded on
11   the property and stated that plaintiff owed $157,088 on the loan.
12   (Id. ¶ 20.)  Between June 22, 2023, and July 26, 2023, plaintiff
13   attempted to cure the default informally by contacting defendant.
14   (Id. ¶¶ 23-24.)  Defendant then offered to reinstate the loan for
15   $159,596.47, which included about $40,000 in additional interest
16   payments, and it gave plaintiff a week to consider the offer.
17   (Id. ¶¶ 24-25.)  Despite attempting to refinance the loan,
18   plaintiff did not accept defendant's offer.  (Id. ¶¶ 25-26.)  On
19   January 31, 2024, a notice of sale was recorded on the property,
20   which precipitated this litigation.  (Id. ¶ 27.)

21           Defendant moves to dismiss on the ground that plaintiff
22   "fails to state a claim upon which relief can be granted."  See
23   Fed. R. Civ. P. 12(b)(6) (cleaned up).[2]  Plaintiff brings seven

---

[1] Co-defendant Secured Funding Corporation has not yet appeared in the matter.

[2] Defendant also moves to dismiss on the ground that plaintiff failed to join an indispensable party under Federal Rules of Civil Procedure 12(b)(7) and 19(a)-(b).  (See Docket No. 27-1 at 16.)  The court need not reach the issue here, and it

2

claims against defendant for: (1) violation of the federal Truth in Lending Act, 15 U.S.C. § 1637; (2) breach of contract on a third-party beneficiary theory; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(A), 1692f(1); (5) violation of California Civil Code section 2924.17; (6) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (7) declaratory relief. (See FAC ¶¶ 31-75.)

Plaintiff concedes that the first, second, third, fifth, and seventh claims should be dismissed and requests leave to amend. (See Docket No. 29 at 8-12.) Accordingly, those claims will be dismissed.[3]

Plaintiff argues that the fourth claim should not be dismissed because the FDCPA applies to defendant. (See Docket No. 29 at 12-13.) To support his position, plaintiff cites several cases which are no longer good law. See, e.g., Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646, 2013 WL 2299601, at *3-11 (N.D. Cal. May 24, 2013), abrogated by Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466, 474-79 (2019); Distor v. U.S. Bank NA, No. C 09-02086, 2009 WL 3429700, at *3-5 (N.D. Cal. Oct. 22, 2009), overruled by Beaver v. Tarsadia Hotels, 816 F.3d 1170,

---

expresses no opinion on whether all indispensable parties have been joined.

   [3] The court notes that declaratory relief is a remedy, not an independent claim, under California law. See A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n, 491 F. Supp. 3d 727, 737-38 (E.D. Cal. 2020) (Brennan, J.) (citing Hood v. Superior Ct., 33 Cal. App. 4th 319, 323-24 (2d Dist. 1995)).

3

1180-81 & n.5 (9th Cir. 2016).  The issue with plaintiff's authorities is that they do not account for the Supreme Court's holding in Obduskey that non-judicial foreclosure does not fall within the ambit of the FDCPA.  See 586 U.S. at 474-79.  Subsequently, the Ninth Circuit made it clear that "the enforcement of a security interest does not entail an attempt to collect money from the debtor."  Barnes v. Routh Crabtree Olsen PC, 963 F.3d 993, 997-98 (9th Cir. 2020) (citing Obduskey, 586 U.S. at 474-79).  Thus, the FDCPA does not apply to the foreclosure at issue here, and the fourth claim will be dismissed.

     Plaintiff's counsel argued in conclusory fashion that the fourth claim should not be dismissed on the ground that defendant's reinstatement offer under California Civil Code section 2924c is still actionable pursuant to § 1692f(1) of the FDCPA even after Obduskey.[4]  (See also FAC ¶¶ 24-25, 51-53 (alleging reinstatement offer violates the FDCPA).)  Plaintiff has not provided, nor is the court aware of, any authority indicating that defendant making such a reinstatement offer, much less at plaintiff's own behest, violates any part of the FDCPA.

     Plaintiff's sixth claim alleges defendant violated the UCL, which "proscribes the use of any 'unlawful, unfair or fraudulent business act or practice.'"  Beaver, 816 F.3d at 1177-

---

[4] The Court in Obduskey only excepted from its holding one isolated subsection of the FDCPA: § 1692f(6), which uses a unique definition of "debt collector" distinct from the definition applicable to § 1692f(1).  See 586 U.S. at 468-69, 473-79. As a result, Obduskey and the Ninth Circuit's subsequent decision in Barnes still apply to plaintiff's fourth claim regarding defendant's reinstatement offer.

1 | 78 (quoting Cal. Bus. & Prof. Code § 17200).  A claim arising
2 | under the UCL requires "that plaintiffs suffered an economic
3 | injury and that the alleged injury was a result of the
4 | violations."  Shupe v. Nationstar Mortg. LLC, 231 F. Supp. 3d
5 | 597, 605-06 (E.D. Cal. 2017) (England, J.) (cleaned up) (citing
6 | Kwikset Corp. v. Superior Ct., 51 Cal. 4th 310, 321-22 (2011)).
7 | In Shupe, this court dismissed a UCL plaintiff's claim for lack
8 | of statutory standing where the complaint did not allege that a
9 | nonjudicial foreclosure sale was still pending.  See id.  Here,
10 | plaintiff gives no indication that the foreclosure sale is still
11 | pending or that his house has been sold yet.  (See FAC ¶¶ 13-20,
12 | 23-27, 64-70.)  Plaintiff has therefore not alleged a cognizable
13 | economic injury under the UCL.
14 |          Even if plaintiff had established statutory standing,
15 | he still fails to state a violation of the UCL.  Plaintiff
16 | alleges that defendant violated the "unfair" and "unlawful"
17 | prongs of the UCL.  (Id. ¶¶ 65-67.)  The "unlawful" prong
18 | "borrows violations of other laws and treats them as unlawful
19 | practices that the unfair competition law makes independently
20 | actionable."  Beaver, 816 F.3d at 1177-78.  Because each of
21 | plaintiff's other claims will be dismissed, the UCL fails to the
22 | extent it is asserted under the "unlawful" prong.  Moreover,
23 | plaintiff provides no authority indicating that he states a claim
24 | under the UCL's "unfair" prong.  (See Docket No. 29 at 14-15.)
25 | Accordingly, the sixth claim will be dismissed.
26 |          Federal Rule of Civil Procedure 15(a)(2) directs the
27 | court to "freely give leave [to amend the complaint] when justice
28 | so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be

1 | applied with extreme liberality." Herring Networks, Inc. v.
2 | Maddow, 8 F.4th 1148, 1160-61 (9th Cir. 2021).  Accordingly, the
3 | court will give plaintiff leave to amend his complaint.
4 |     IT IS THEREFORE ORDERED that defendant's motion to
5 | dismiss (Docket No. 27) be, and the same hereby is, GRANTED.
6 | Plaintiff has twenty-one (21) days from the date of this Order to
7 | file an amended complaint, if he can do so consistent with this
8 | Order.
9 | Dated:  April 30, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE