UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTOPHER MARTINEZ, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a limited liability company; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE NOTEHOLDERS OF CWHEQ, INC., REVOLVING HOME EQUITY LON ASSET-BACKED NOTES, SERIES 2006-1; and DOES 1-50, inclusive,<br><br>  Defendants. | No. 2:24-cv-1387 WBS AC<br><br>ORDER RE: MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT |

----oo0oo----

Plaintiff Christopher Martinez brought this action against defendants Specialized Loan Servicing, LLC ("Specialized"), and the Bank of New York Mellon ("BONY"),

1

alleging they wrongfully foreclosed on his property after he took out a home equity line of credit on the property via a deed of trust. (See Third Am. Compl. ("TAC") (Docket No. 46).) Defendants move to dismiss plaintiff's claims. (See Docket No. 47.)

I.   Factual Background

On January 23, 2001, plaintiff and his wife purchased the property at issue. (TAC at 6.) On November 7, 2006, plaintiff used his equity in the property to obtain a home equity line of credit for $111,800.00 via deed of trust. (Id.) Specialized services this loan, and BONY is plaintiff's loan beneficiary. (Id. at 3.)

On May 6, 2008, plaintiff filed for chapter 7 bankruptcy and received a discharge on August 11, 2008. (Id. at 6.) Plaintiff mistakenly believed that the bankruptcy extinguished his loan obligations to defendants. (Id.) After exiting bankruptcy, plaintiff did not receive any monthly statements on the loan for more than 15 years. (Id.)

On June 22, 2023, a notice of default was recorded on the property, stating that plaintiff owed $157,088.00 on the loan. (Id. at 7.) Between June 22, 2023, and July 26, 2023, plaintiff attempted to cure the default informally by contacting Specialized. (Id.) Specialized offered to reinstate the loan for $159,596.47, which included about $40,000.00 in additional interest payments. (Id.) Plaintiff did not accept this offer. (Id. at 8.) Instead, plaintiff unsuccessfully sought to refinance the loan with a third party. (Id.) On January 31,

2

2024, a notice of trustee's sale was recorded on the property. (Id.)  The instant action followed.

In his third amended complaint, plaintiff brings six claims alleging that: (1) BONY violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1637-40, 12 C.F.R. § 226.5, by not sending plaintiff regular statements; (2) Specialized breached its agreement to service the loan on the theory that plaintiff is a third-party beneficiary of the servicing agreement between Specialized and BONY; (3) BONY breached the implied covenant of good faith and fair dealing arising from the loan agreement; (4) Specialized violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(A), 1692f(1), by seeking to reinstate the loan; (5) Specialized violated Cal. Civ. Code § 2924.13 by failing to provide plaintiff with communications regarding the loan for over three years; and (6) both defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (See generally TAC.)  Defendants move to dismiss all claims brought against them.  (See generally Docket No. 47-1.)

II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

District courts may "deny leave to amend [a complaint] where the amendment would be futile."  Missouri ex rel. Koster v. Harris, 847 F. 3d 646, 656 (9th Cir. 2017).  "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."  Id. (quoting Miller v. Rykoff-Sexton, Inc., 845 F. 2d 209, 214 (9th Cir. 1988)).

III. Discussion

        a.   12 C.F.R. § 226.5

Plaintiff alleges that BONY violated 12 C.F.R. § 226.5, which provides that a "creditor shall mail or deliver a periodic statement . . . for each billing cycle at the end of which an account has a debit or credit balance of more than $1."  12 C.F.R. § 226.5(b)(2)(i).  The statute of limitations for a claim brought under 12 C.F.R. § 226.5(b)(2)(i) is one year.  See 15 U.S.C. § 1640(e).

Plaintiff's claim under this regulation is time-barred.  Plaintiff initially brought this claim against BONY in his second amended complaint, which was filed on June 4, 2025.  (See Docket No. 37.)  Plaintiff states that he did not receive loan-related correspondence from BONY from 2008 until approximately June 2023.  (See TAC at 16.)  Even assuming that the statute of limitations for plaintiff's claim was tolled until June 2023 as plaintiff urges (see id. at 9), his claim would still be barred by the

4

applicable one-year statute of limitations, see 15 U.S.C. 1640(e), which lapsed approximately one year before plaintiff brought this claim against BONY in June 2025 (see Docket No. 37).

The parties dispute whether the third amended complaint relates back to the filing of the original complaint for the purposes of determining whether this claim is time-barred. (See Docket Nos. 47-1 at 12; 52 at 12.)  Federal Rule of Civil Procedure 15(c) provides in relevant part that an amended pleading relates back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted . . . and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c).

Plaintiff argues in his briefing that it is "axiomatic" that BONY received notice of the action within the period prescribed by Rule 4(m) because "BONY would have received knowledge of the allegations at hand when [Specialized] was served with the action, since [Specialized] [wa]s acting as an agent of BONY in servicing BONY's loan contract with Plaintiff." (Docket No. 52 at 13.)  But "[s]imply stating that something is so does not make it so."  Doody v. Ryan, 649 F.3d 986, 1006 (9th Cir. 2011) (en banc).  Moreover, as discussed in the following subsection, plaintiff's agency allegations suffer from numerous

5

defects that further strain his theory of imputed notice to BONY. Plaintiff has thus failed to establish that BONY received notice of the action as required under Rule 15(c).[1]

Accordingly, because plaintiff's claim under 12 C.F.R. § 226.5 is time-barred, and relation back is unavailable, this claim will be dismissed.

b. Breach of Contract – Third Party Beneficiary

Plaintiff brings a breach of contract claim against Specialized on the theory that plaintiff is a third-party beneficiary of the servicing agreement between Specialized and BONY that Specialized purportedly breached. (See TAC at 10-11.)

"[U]nder California's third party beneficiary doctrine, a third party . . . may bring a breach of contract action against a party to a contract only if the third party establishes not only (1) that it is likely to benefit from the contract, but also (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and further (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." Goonewardene v. ADP, LLC, 6 Cal. 5th 817, 821, 434 P.3d 124, 126–27 (2019). Further, "numerous California appellate courts have held [that] borrowers . . . are not third-

---

[1] Plaintiff does not plead any grounds for relation back in his TAC. "Generally, a court may not consider materials beyond the pleadings in ruling on a motion to dismiss." O'Sullivan v. Longview Fibre Co., 993 F. Supp. 743, 745 (N.D. Cal. 1997). Accordingly, relation back is unavailable for this additional reason.

6

party beneficiaries" of loan servicing agreements. In re Turner, 859 F.3d 1145, 1149 (9th Cir. 2017). Plaintiff's circumspect references to an unspecified servicing agreement between BONY and Specialized do not establish that he is a third-party beneficiary of that agreement. (See TAC at 10-12.)

Moreover, in Turner, the Ninth Circuit affirmed the dismissal of a home equity borrower's third-party beneficiary claim for breach of contract under an agreement to pool and service home equity loans. See 859 F.3d at 1147-50. Like plaintiff's home loan here, the agreement in Turner encompassed "a deed of trust for residential property in California." See id. at 1147-48 (citation modified). Plaintiff attempts to distinguish Turner because its servicing agreement dealt with a set of loans as opposed to a single loan but provides no authorities suggesting that a set of loans is subject to a different rule. (See Docket No. 52 at 18.)

Accordingly, plaintiff's claim for breach of contract will also be dismissed.

c.  Breach of Implied Covenant

Plaintiff alleges that BONY breached the implied covenant of good faith and fair dealing on the theory that BONY is liable for the actions of its agent, Specialized, who in turn allegedly "hinder[ed] Plaintiff's performance under the contract." (See TAC at 13-14.) Accordingly, the court first addresses the sufficiency of plaintiff's agency allegations.

"To show an agency relationship, a plaintiff must show: (1) that the agent or apparent agent holds power to alter legal

7

relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him." Monday v. Saxon Mortg. Servs., Inc., No. 2:10-cv-989 WBS, 2011 WL 4353125, at *6 (E.D. Cal. Sept. 16, 2011).

Plaintiff lists certain tasks Specialized had the authority to complete and concludes that, upon information and belief, Specialized was an agent of BONY. (See TAC at 4-5.) Plaintiff further states that, again upon information and belief, the servicing agreement between Specialized and BONY granted Specialized the power to alter legal relations between itself and BONY. (See id. at 5.) These allegations are insufficient. For example, plaintiff does not allege that BONY possessed the right to control Specialized with respect to matters entrusted to specialized. See Monday, 2011 WL 4353125, at *6. And plaintiff's allegation that, upon information and belief, the unspecified servicing agreement between Specialized and BONY granted Specialized the power to alter legal relations between itself and BONY (see TAC at 5) is conclusory and therefore insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Accordingly, because plaintiff has failed to establish that Specialized was an agent of BONY, and because plaintiff does not plead that BONY itself breached the implied covenant of good faith and fair dealing, this claim will be dismissed.

    d. FDCPA

8

Next, plaintiff alleges that Specialized violated the FDCPA by charging interest on the loan while plaintiff was not being sent periodic statements. (See TAC at 14-15.) The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (citation modified). The Act defines a "debt collector" as "any person . . . who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed." 15 U.S.C. § 1692a(6). "The law is well settled that [the] FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (collecting cases and authorities).

Plaintiff relies on London v. Aurora Loan Services, No. 10-cv-02789 EDL, 2010 WL 3751812, at *4-5 (N.D. Cal. Sept. 24, 2010) and Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646 JSC, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013), for the proposition that, because Specialized began servicing plaintiff's loan only after plaintiff defaulted, Specialized falls within the FDCPA's definition of "debt collector." (Docket No. 52 at 21-22.) The court is not persuaded by London and Natividad that the definition of "debt collector" under the FDCPA varies depending on when an entity began servicing a loan. Further, the court is not bound by the decisions in London and Natividad and declines

to follow them.  See, e.g., Hart v. Massanari, 266 F.3d 1155, 1174 (9th Cir. 2011) (district courts are not bound by decisions of other district courts).

Thus, because Specialized is a "mortgage servicing company" (see TAC at 14), Specialized cannot be held liable under the FDCPA.  Lal, 680 F. Supp. 2d at 1224.  Plaintiff nevertheless argues that Specialized is a debt collector under Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 571-74 (9th Cir. 2017) (interpreting 15 U.S.C. § 1692a).  (See Docket No. 52 at 22-23.) But Vien-Phuong Thi Ho contradicts plaintiff's position:  In Vien-Phuong Thi Ho, the Ninth Circuit concluded that a creditor seeking to enforce a security interest via a nonjudicial home foreclosure was not a debt collector under the FDCPA.  See 858 F.3d at 571-74.

Accordingly, plaintiff's FDCPA claim will be dismissed.

e.   Cal. Civ. Code § 2924.13

Plaintiff next alleges Specialized violated Cal. Civ. Code § 2924.13.  Mortgage servicers violate Cal. Civ. Code § 2924.13 when they, among other things, fail to provide borrowers with "written communication regarding the loan secured by the mortgage for at least three years," fail to "provide a transfer of loan servicing notice to the borrower when required to provide that notice by law," fail to "provide a transfer of loan ownership notice to the borrower when required to provide that notice by law," fail to "conduct or threaten to conduct "a foreclosure sale after providing a form to the borrower indicating that the debt had been written off or discharged," and

10

fail to "provide a periodic account statement to the borrower when required to provide that statement by law." Cal. Civ. Code § 2924.13 was enacted on June 30, 2025.[2]

Plaintiff alleges that, from 2008 to June 2023, Specialized did not provide him with any correspondence regarding the loan. (TAC at 16.) Plaintiff also alleges that he did not receive notices that the servicing of his loan had been transferred. (Id.) Critically, the events which form the basis of plaintiff's claim under Cal. Civ. Code § 2924.13 occurred before June 30, 2025, when the statute was enacted. Plaintiff therefore asks the court to apply this statute retroactively.

Whether a change in state law applies retroactively is a question of state law. See, e.g., La Rue v. McCarthy, 833 F.2d 140, 142 (9th Cir. 1987) ("The retroactivity of a state change of law is a state question and the federal Constitution has no voice upon the subject." (citation modified)); Vazquez v. Jan-Pro Franchising Int'l, Inc., 939 F.3d 1045, 1046 (certifying to California Supreme Court question of whether decision of that same court applied retroactively). And "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature must have intended a retroactive application." Myers v. Philip Morris Cos., 28 Cal.4th 828, 841, 123 Cal.Rptr.2d 40, 50 P.3d 751 (2002) (citation modified).

---

[2] https://leginfo.legislature.ca.gov/faces/billStatusClient.xhtml?bill_id=202520260AB130.

Plaintiff has not cited, nor can the court identify, any authority for the proposition that Cal. Civ. Code § 2924.13 applies retroactively. Accordingly, because the events giving rise to plaintiff's claim under this statute occurred before the statute was enacted, plaintiff's claim under Cal. Civ. Code § 2924.13 will be dismissed.

### f. Unfair Competition Law

Plaintiff's last claim alleges violation of California's UCL, Cal. Bus. & Prof. Code § 17200 et seq., against both Specialized and BONY. (See Docket No. 46 at 17-18.) "The UCL broadly proscribes the use of any 'unlawful, unfair or fraudulent business act or practice.'" Beaver v. Tarsadia Hotels, 816 F.3d 1170, 1177 (9th Cir. 2016) (citing Cal. Bus. & Prof. Code § 17200) (citation modified). Plaintiff alleges that defendants violated the "unlawful" and "unfair" prongs of the UCL. (See TAC at 17-18.)

A claim under the UCL for "unlawful" behavior requires a predicate violation of another law. See Beaver, 816 F.3d at 1177-78 (citing Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105, 1133-34 (2d Dist. 2014)). However, because the court will dismiss plaintiff's other claims, plaintiff is left without any predicate violation. See id. Accordingly, plaintiff's claim under the UCL's "unlawful" prong cannot succeed.

With respect to the UCL's "unfair" prong, plaintiff fails to cite any relevant authority suggesting that defendants' practices in the context of nonjudicial foreclosures are unfair

12

as a matter of law.  (See Docket No. 46 at 17-18.)

Accordingly, plaintiff's UCL claim will be dismissed.

g.   Leave to Amend

District courts enjoy "particularly broad" "discretion to deny leave to amend" when a "plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).  In exercising that discretion, various courts within the Ninth Circuit have dismissed without leave to amend complaints that fail to redress pleading deficiencies previously identified by the court.  See Barton v. Does 1-6, No. 17-cv-0608 JLR, 2017 WL 2729869, at *2 (W.D. Wash. June 26, 2017) (collecting cases).

This is the fourth time plaintiff's complaint is before the court on motion to dismiss.  Plaintiff has been given three opportunities to remedy the pleading deficiencies identified in the complaint by the court to no avail.  Granting leave to amend yet again would be futile because plaintiff's repeated "fail[ure] to correct these deficiencies" constitutes "a strong indication that . . . plaintiff[] ha[s] no additional facts to plead." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).

For example, plaintiff cannot plead any "set of facts" that establish his claim under 12 C.F.R. § 226.5 is timely.  See Missouri, 847 F. 3d at 656.  Nor can plaintiff plead any "set of facts" to overcome that, as a matter of law, borrowers are not third-party beneficiaries of loan servicing agreements, to rescue his third-party beneficiary breach of contract claim.  See id.

13

The same goes for plaintiff's remaining claims: Plaintiff cannot plead any facts to remedy their deficiencies, either. See id. Given plaintiff's numerous failures to amend his complaint to redress the deficiencies this court previously identified, leave to amend will be denied. See Barton, 2017 WL 2729869, at *2.

IV. Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 47-1) be, and the same hereby is, GRANTED. Plaintiff's claims are DISMISSED with prejudice.

Dated:  October 29, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE